UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KALVIN E. VAUGHN,

                Petitioner,

    v.                                              Case No. 23-cv-0843-bhl

MICHAEL MEISNER,[1] Warden,

                Respondent.

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITONER'S SECTION 2254 HABEAS PETITION

On June 21, 2023, Petitioner Kalvin E. Vaughn, a state prisoner currently incarcerated at Fox Lake Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Respondent has moved to dismiss Vaughn's petition as untimely. (ECF No. 11.) Because the record confirms that Vaughn's petition is untimely and he has failed to demonstrate that equitable tolling should apply, the Court will grant Respondent's motion and dismiss Vaughn's petition.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2015, a Milwaukee County jury found Vaughn guilty of two counts of repeated sexual assault of the same child in violation of Wis. Stat. §§ 948.025(1)(b) and (d) (2015-16). (ECF No. 12-1 at 2.) Vaughn was sentenced to a total of 40 years of initial confinement and 25 years of extended supervision. (*Id.*) Following Vaughn's conviction, his attorney filed a no-merit report pursuant to Wis. Stat. § 809.32 and *Anders v. California*, 386 U.S. 738 (1967). *State v. Vaughn*, No. 2017AP1751-CRNM, 2018 WL 11430438, at *1 (Wis. Ct. App. June 6, 2018). Vaughn raised a number of claims in response, but the Wisconsin Court of Appeals concluded there were no issues with arguable merit for appeal and summarily affirmed the judgment. *Id.* at *1–2. Vaughn filed a motion for reconsideration, which was denied, and then petitioned the

---

[1] Vaughn was recently transferred to Fox Lake Correctional Institution, where Michael Meisner is the Warden. Pursuant to 28 U.S.C. § 2242, a person who files a Section 2254 petition must name as respondent "the person who has custody over him." Accordingly, the Clerk of Court is directed to substitute Michael Meisner as Respondent.

Wisconsin Supreme Court for review. (ECF No. 12-3 at 3–4.) The Wisconsin Supreme Court denied Vaughn's petition on March 13, 2019. (*Id.* at 3.)

Less than three months later, on May 30, 2019, Vaughn filed a *pro se* motion in the circuit court seeking postconviction relief pursuant to Wis. Stat. § 974.06. (ECF No. 12-2 at 8.) The circuit court denied the motion as procedurally barred and Vaughn appealed. *See State v. Vaughn*, No. 2019AP1300, 2021 WL 8566758 (Wis. Ct. App. Nov. 16, 2021). On November 16, 2021, the Wisconsin Court of Appeals summarily affirmed the circuit court. *Id.* at 3–4. Vaughn moved for reconsideration, but the Court of Appeals denied his motion on December 3, 2021. (ECF No. 12-4 at 1.) Vaughn did not petition the Wisconsin Supreme Court for review, and the case was remitted on January 13, 2022. (*Id.*)

Having decided to forgo applying for review in the state's highest court, Vaughn instead filed a petition for a supervisory writ in the Wisconsin Supreme Court on February 28, 2022. (ECF No. 12-6.) In his petition, Vaughn argued that the court of appeals should have had a different panel review his case. (ECF No. 12-6 at 3.) The Wisconsin Supreme Court denied the petition *ex parte* on June 22, 2022. (ECF No. 12-5 at 1.)

On June 21, 2023, Vaughn filed a federal habeas petition in this Court by delivering his petition to prison authorities for mailing. (ECF No. 1.) The Court screened the petition and ordered Respondent to respond. (ECF No. 6.) On November 28, 2023, Respondent filed a motion to dismiss contending that Vaughn's petition should be rejected as untimely. (ECF No. 11.) After receiving several extensions, Vaughn finally filed a brief in opposition on June 3, 2024.[2] (ECF No. 18.) The Court concludes that Vaughn's petition is untimely, and that Vaughn has failed to make any argument that equitable tolling should apply. Accordingly, the Court will grant Respondent's motion and dismiss Vaughn's petition.

## LEGAL STANDARD

A petitioner has one year from the date his state conviction becomes "final" to file a federal habeas corpus action. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final on the date when direct review ends or when the time for seeking such review expires. *Id.* When a habeas petitioner

---

[2] The Court granted Vaughn three extensions of his deadline to file his brief in opposition. (ECF Nos. 14, 16 & 19). On June 3, 2024, Vaughn finally filed a "reply in opposition to respondent's motion to dismiss petition for writ of habeas corpus." (ECF No. 18.) He then twice requested an "extension of time" to file an amended opposition brief. (ECF Nos. 22 & 23.) Respondent filed a reply brief on July 25, 2024. (ECF No. 24.) On August 1, 2024, the Court denied Vaughn's motions, concluding that he had been given ample time to prepare and file his June 3, 2024 opposition brief. (ECF No. 25.)

seeks discretionary review of an adverse court of appeals decision in the Wisconsin Supreme Court and review is denied, the judgment becomes final when the period for seeking certiorari in the U.S. Supreme Court expires. *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). That period is 90 days. Sup. Ct. R. 13(1).

The one-year limitations period is tolled (or suspended) for any period of time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). A petition for collateral relief in state court is no longer "'pending' after the state court's postconviction review is complete." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Accordingly, "§ 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari" that is filed after "the State's highest court has issued its mandate or denied review." *Id.* Similarly, a federal habeas petition does not toll the statute of limitations because it is not an application for post-conviction relief in state court. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## ANALYSIS

### I. Petitioner's Habeas Petition Is Untimely and He Is Not Entitled to Equitable Tolling.

The Wisconsin Supreme Court denied Vaughn's petition for review on March 13, 2019. (ECF No. 12-3 at 3.) Because Vaughn did not seek certiorari in the United States Supreme Court, Vaughn's judgment of conviction became final on June 11, 2019 – 90 days after the Wisconsin Supreme Court denied review – and his one-year limitations period began to run on that date. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was immediately tolled, however, when Vaughn filed his motion for postconviction relief under Wis. Stat. § 974.06 on May 30, 2019. *See* 28 U.S.C. § 2244(d)(2). But this tolling ended on January 13, 2022, when the Wisconsin Court of Appeals affirmed the circuit court's denial of Vaughn's motion and remitted the matter to the circuit court. (ECF No. 12-4 at 1.) Facially at least, Vaughn's federal habeas petition was due by January 12, 2022.

Vaughn argues that his limitations period was tolled again, however, on February 28, 2022, when he filed a petition for a supervisory writ to the Wisconsin Supreme Court. (ECF No. 18 at 4; *see also* ECF No. 12-5 at 1; ECF No. 12-6 at 3.) Respondent disputes this tolling, contending that Vaughn's petition for a supervisory writ was not a "properly filed application for State post-conviction or other collateral review" within the meaning of Section 2244(d)(2). (ECF No. 12 at

10–11.)  Respondent further argues that even if this petition tolled the limitations period, the clock began running again on June 22, 2022, when the Wisconsin Supreme Court denied the petition for a supervisory writ *ex parte*.  (ECF No. 12 at 7 (citing ECF No. 12-5 at 1).)  The Court agrees with Respondent.

While it is not clear that Vaughn's petition for a supervisory writ tolled the statute of limitations, it ultimately does not matter.  Vaughn petitioned for the supervisory writ *after* his collateral appeal was decided, and, even then, offered only a procedural challenge to the court of appeals' ruling.  (ECF No. 12-6 at 1–3.)  As Respondent notes, Vaughn presented this challenge only after deciding not to petition the Wisconsin Supreme Court for review of the court appeals decision affirming the denial of his motion for postconviction relief.  (*Id.*)  Accordingly, it appears that Vaughn's petition for a supervisory writ was not "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.") (emphasis in original).  And, as Respondent also correctly observes, even if the supervisory writ was "properly filed" for its own purposes, it was not a collateral attack on Vaughn's conviction, but rather an attack on the procedures used in collateral proceedings.  While the Seventh Circuit appears not to have reached this issue, other circuits have held that a complaint about the procedures used in postconviction proceedings is not cognizable in federal habeas corpus.  *See Tabb v. Christianson*, 855 F.3d 757, 767 (7th Cir. 2017) (citing *United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006); *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986)).  In this district, Judge Stadtmueller has agreed with the Sixth Circuit.  *See Lathon v. Meisner*, No. 21-cv-224-jps, 2023 WL 3742974, at *6–9 (E.D. Wis. May 31, 2023) (dismissing the petitioner's claim that the state evidentiary standards violated the petitioner's due process rights as not cognizable in habeas corpus because it attacked a collateral proceeding, not the conviction).

In any event, 35 days had already expired when, Vaughn mailed his petition for a supervisory writ to the Wisconsin Supreme Court on February 17, 2022.  Thus, at best, he had only 330 days remaining to file his federal habeas petition and that deadline expired on May 18, 2023.  Vaughn did not mail his petition until June 21, 2023, making it more than one month too late.  Accordingly, even if the Court credited him with tolling during the time his petition for supervisory writ was pending, his petition is still untimely.

Vaughn appears to be under the mistaken impression that his petition for a supervisory writ not only tolled the statute of limitations period (a questionable assumption) but in fact *restarted* it. This is plainly incorrect. A postconviction motion does not reset the federal clock for a timely writ of habeas corpus; the one-year filing deadline is simply tolled during any days that the petitioner has a properly filed application for collateral review pending in state court. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). "Any other approach would eliminate all federal time limits whenever a state does not have (or does not enforce) a time limit for collateral review: a state collateral proceeding, however belated and however unmeritorious, would reset the federal clock." *Id*.

Theoretically, Vaughn could save his petition by invoking the doctrine of equitable tolling. *See Mayberry v. Dittmann*, 904 F.3d 525, 529–31 (7th Cir. 2018) (describing circumstances that support equitable tolling). The Supreme Court has explained that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (citation and internal quotations omitted). But equitable tolling is an extraordinary remedy that "is rarely granted," *see Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (collecting cases), and Vaughn, as petitioner, bears the burden of establishing that it is warranted. *See Williams v. Buss*, 538 F.3d 683, 686 (7th Cir. 2008). Vaughn has not demonstrated that he has been pursuing his rights diligently, and he has also not identified any extraordinary circumstances that prevented him from timely filing his petition. "Abandonment by counsel" or the "inability to access vital papers" are examples of potentially extenuating circumstances that may justify equitable tolling. *Schmid v. McCauley*, 825 F.3d 348, 350 (7th Cir. 2016). Vaughn does not present any such circumstances. Accordingly, Vaughn's petition for writ of habeas corpus is denied as untimely.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the rules Governing Section 2254 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitution right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotations omitted). The Court declines to issue a certificate of appealability because reasonable jurists could not debate the Court's decision to deny the petition on the merits.

CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss, ECF No. 11, is **GRANTED**.

**IT IS FURTHER ORDERED** that Vaughn's petition for a writ of habeas corpus, ECF No. 1, is **DENIED**, and the case is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that because the Court does not find that a reasonable jurist could conclude that the petition should have been resolved in a different manner, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 18, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge